# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Cynthia K. Rickman, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 4:22-509-RMG |
| vs. | ) | |
| | ) | |
| Kilolo Kijakazi, Acting Commissioner | ) | |
| of Social Security, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for  Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling.  The Magistrate Judge issued a Report and Recommendation ("R & R") on October 19, 2022, recommending that the Commissioner's decision be affirmed. (Dkt. No. 12).   Plaintiff timely filed objections to the R & R, asserting that the Administrative Law Judge ("ALJ") failed to properly evaluate her subjective complaints and the Appeals Council failed to review and weigh new and material evidence presented by a treating physician, Dr. Walter Bonner. (Dkt. No. 13).  The Commissioner filed no response to Plaintiff's objections.  For reasons set forth below, the Court reverses the decision of the Commissioner and remands the matter to the agency for further proceedings consistent with this order.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

The Commissioner is obligated to weigh and consider a claimant's subjective complaints of pain beyond consideration of objective medical evidence.  Under the agency's regulatory scheme, the ALJ must first determine if there is objective medical evidence showing a condition that reasonably could produce the claimant's symptoms.  If such objective medical evidence is present, the ALJ must then evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the claimant's activities.  20 C.F.R. § 404.1529.  Where the Commissioner finds that a claimant's complaints of pain and other subjective symptoms are not credible, the Commissioner must identify the specific statements which are deemed not credible and the supporting evidence relied upon to reach that conclusion. *Lewis v. Berryhill*, 858 F.3d 358, 866 (4th Cir. 2017).

A claimant is permitted to offer relevant evidence to support his or her disability claim throughout the administrative process.  Even after the Administrative Law Judge (ALJ) renders a decision, a claimant who has sought review from the Appeals Council may submit new evidence to the Appeals Counsel so long as she can show (1) the evidence is new and material; (2) the evidence relates to a period on or before the hearing date; (3) there is a reasonable probability that additional evidence would change the outcome of the decision; and (4) the claimant can show good cause for not earlier submitting the evidence.  20 C.F.R. § 404.970.  The new evidence offered to the Appeals Council is then made part of the record.  The Social Security Regulations do not require the Appeals Council to expressly weigh the newly produced evidence and reconcile it with previously produced conflicting evidence before the ALJ.  Instead, the regulations require only that the Appeals Council make a decision whether to review the case, and, if it chooses not to grant review, there is no express requirement that the Appeals Council

-3-

weigh and reconcile the newly produced evidence. *Meyer v. Astrue*, 662 F. 3d 700, 705-706 (4ᵗʰ Cir. 2011).

As the Fourth Circuit explained in *Meyer*, the difficulty arises under this regulatory scheme on review by the courts where the newly produced evidence is made part of the record for purposes of substantial evidence review but the evidence has not been weighed by the fact finder or reconciled with other relevant evidence.  *Meyer* held that as long as the newly presented evidence is uncontroverted in the record or all the evidence is "one-sided", a reviewing court has no difficulty determining whether there is substantial evidence to support the Commissioner's decision. *Id.* at 707.  However, where the "other record evidence credited by the ALJ conflicts with the new evidence", there is a need to remand the matter to the fact finder to "reconcile that [new] evidence with the conflicting and supporting evidence in the record." *Id.* Remand is necessary because "[a]ssessing the probative value of the competing evidence is quintessentially the role of the fact finder." *Id.*

## Factual Background

Plaintiff asserts that she is fully disabled under the Social Security Act due to multiple physical and mental impairments.  Following an administrative hearing, the ALJ found that Plaintiff suffers from the following severe impairments: degenerative disc disease of the cervical and lumbar spine, degenerative joint disease/osteoarthritis of the left knee, a Colles fracture of her right wrist, anxiety, depression, and obesity status post gastric bypass. (Dkt. No. 12 at 2). The ALJ further found that these multiple severe impairments rendered her unable to perform any of her past relevant work. (*Id.* at 3).  Nonetheless, the ALJ found that Plaintiff retained the residual functional capacity to perform less than the full range of light work. (*Id.*).

Plaintiff testified at her administrative hearing and detailed the multi-fold challenges she confronts daily due to her impairments.  She explained that her degenerative disease in her back, neck, knees and wrist causes significant pain, often keeping her awake at night, and she ambulates around her home with the assistance of a cane.  (Dkt. No. 7-2 at 45-46, 50, 53, 55). These limitations have forced her to move in with her parents to assist her and she is able to shower only with assistance. (*Id*. at 42, 53).  She testified that she spends most of her days in a recliner and can stand or sit normally only 15-20 minutes at a time. (*Id*. at 54-55, 60).  The claimant has undergone multiple surgeries and rounds of injections and has been participating in pain management but states that her pain has persisted.  Plaintiff further testified that she is depressed because she is "old school" and "worked since I was 14 years old."  She stated that her situation "has been very difficult for me to handle."  (*Id*. at 52).

The ALJ summarized various medical records of Plaintiff's providers, some which supported Plaintiff's claims of chronic, persistent pain and some which noted some improvement in her condition.  The ALJ concluded that Plaintiff's complaints are "inconsistent with the claimant's presentation upon examination and unsupported by the weight of the evidence."  (*Id.* at 19).  The ALJ fails to address Plaintiff's specific and very troubling description of her physical and mental condition beyond simply listing them and does not explain why her testimony regarding her subjective symptoms is not credible.

Shortly following the receipt of the adverse decision of the ALJ, Plaintiff was seen by Dr. Walter Bonner, a physician board certified in internal medicine and rheumatology.  A record from Dr. Bonner's December 16, 2021 office evaluation and responses to a questionnaire were provided to the Appeals Council to supplement the record.  The office notes detail pain in her

left and right knee, right wrist, and bilaterally in her hands.  He notes that her pain is "probably

due to osteoarthritis."  (Dkt. No. 7-2 at 73).  Dr. Bonner diagnosed "osteoarthritis of knees and

CMC joints."  In response to the question of his opinion of Plaintiff's capacity for work, he

indicated "none" and explained her "osteoarthritis of both knees–demonstrated by x-ray in the

left knee.  Right knee is also tender and slightly unstable."  He further noted that Plaintiff has

"established degenerative disc disease."  (*Id*. at 72).

Discussion

A.    <u>The ALJ failed to identify the statements of the claimant she did not
      find credible and the specific evidence relied upon to support that
      conclusion.</u>

Plaintiff offered highly specific testimony regarding her subjective symptoms of pain and

the impact of her pain and severe impairments on her ability to function in the workplace.

Rather than address Plaintiff's specific testimony she did not find credible, the ALJ simply

summarized the medical evidence, some which seemed to support Plaintiff's testimony and some

which suggested she had experienced some measure of improvement.  From this summary, the

Court cannot discern what testimony of Plaintiff the ALJ found credible and what evidence she

did not.  As the Fourth Circuit observed in *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013),

"a necessary predicate to engaging in substantial evidence review is a record of the basis of the

ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and

the specific application of the pertinent legal requirements to the record evidence."

The *Radford* court went on to explain that "if a reviewing court has no way of evaluating the

basis of the ALJ's ruling, then the proper course, except in rare circumstances, is to remand to

the agency for additional investigation or explanation."  *Id*.   The Fourth Circuit further

-6-

explained in *Lewis v. Berryhill*, the ALJ must identify "what statements by [the claimaint] undercut her subjective evidence of pain intensity as limiting her functional capacity." 858 F.3d at 866.

There is little doubt to this Court that if Plaintiff's administrative hearing testimony is credible, she lacks the capacity to perform competitive work in the national marketplace. If Plaintiff's testimony about her subjective complaints of pain and other symptoms are found by the ALJ not to be credible and there is substantial evidence in the record to support that finding, that is potentially a completely different situation. At this point, with the absence of any reasonable explanation by the ALJ of which statements of Plaintiff are or are not credible, meaningful appellate review is not possible. Consequently, it is necessary to reverse the decision of the Commissioner and to remand the matter to the agency for further proceedings consistent with this order.

B.    The new evidence offered to the Appeals Council following the
      Commissioner's decision met the requirements for further review
      to weigh and reconcile this evidence with conflicting evidence
      in the record, as required under 20 C.R.F. 404.970 and *Meyer*
      *v. Astrue*.

Shortly after the Commissioner's decision became final, Plaintiff was seen by a treating physician, Dr. Bonner, concerning her complaints of chronic pain in her knees, cervical spine, and wrist. He made various diagnoses and reached certain conclusions which appear at odds with the ALJ's findings and some of the other evidence credited by the ALJ.[1]  The Appeals

---

[1] For instance, the ALJ gave great weight to several in-house chart reviewers, health care providers who have never examined, treated or laid eyes on Plaintiff. Among other things, the ALJ credited their opinions that Plaintiff could sustain full time work at a light level of duty. Under Social Security regulations, a claimant must be able to carry 20 pounds at a time and have the ability to do "a good deal of walking or standing." 20 C.F.R. § 404.1567. The new evidence

Council did not weigh this new evidence and reconcile it with other record evidence.

Dr. Bonner's office notes and responses to a questionnaire appear to be new, material, relate back to Plaintiff's longstanding conditions, and, if credited, could alter the outcome of the decision. Plaintiff must also show that there was "good cause" for not submitting the new records sooner. § 404.970(b). Plaintiff's counsel correctly notes that Dr. Bonner's office note could not have been produced before the hearing because the records documented an examination that occurred after the administrative hearing and the decision of the ALJ. The Court is also persuaded that in the area of Social Security disability claims, the courts should liberally construe the regulations, including "good cause," to fulfill the remedial purposes of the law and to allow consideration of all relevant evidence that may impact a Plaintiff's justifiable right to disability benefits. *Goff v. Harris*, 502 F. Supp. 1086, 1089 (E.D. Va. 1980).

In this instance, this new and material evidence needs to be weighed by the fact finder and reconciled with other conflicting evidence in the record. Only then can meaningful appellate review be conducted. *Meyer*, 662 F.3d at 707. Consequently, the failure of a fact finder to weigh and reconcile the new and material evidence offered to the Appeals Council constitutes a second and independent basis for reversal and remand.

### Conclusion

Based on the foregoing, the Court **REVERSES** the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g) and **REMANDS** the matter to the Commissioner for further administrative proceedings consistent with this order.

---

offered by Dr. Bonner appears very much at odds with a light duty standard, as does the testimony of Plaintiff at her administrative hearing.

AND IT IS SO ORDERED.


                                        S/ Richard Mark Gergel
                                        Richard Mark Gergel
                                        United States District Judge



Charleston, South Carolina
December 14. 2022